OPINION
Appellant Joseph L. Caplinger appeals the November 21, 2001 Judgment Entry entered by the Muskingum County Court of Common Pleas, Juvenile Division, denying appellant's Motion to Vacate Entry. Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On February 22, 1999, appellant was charged with delinquency by reason of committing gross sexual imposition in Case No. 99200169. Via Judgment Entry filed July 9, 1999, the trial court adjudicated appellant a delinquent child and placed appellant under a suspended six month to age twenty-one commitment to the Department of Youth Services.
On May 3, 2000, appellant was charged with delinquency by reason of committing rape in Case No. 20020433. The trial court adjudicated appellant a delinquent child via Judgment Entry filed July 7, 2000. The trial court placed appellant under a suspended twelve month to age twenty-one commitment to the Department of Youth Services and ordered the commitment to run consecutive to the commitment imposed but suspended for the gross sexual imposition adjudication.
Subsequently, on May 7, 2001, appellant was charged with a probation violation in Case No. 20120393. The trial court adjudicated appellant a delinquent child via Entry filed June 20, 2001. The trial court revoked appellant's probation on the gross sexual imposition and rape counts. The trial court committed appellant to the Department of Youth Services for a minimum of eighteen months and a maximum period not to exceed appellant's attainment of the age of twenty-one years. Appellant appealed the trial court's June 20, 2001 Entry. Thereafter, appellant filed a second appeal relative to the July 9, 1999 Judgment Entry, and the July 7, 2000 Judgment Entry. The parties filed an Agreed Voluntary Dismissal on October 11, 2001. This Court dismissed the appeal via Judgment Entry filed October 23, 2001.
On October 30, 2001, appellant filed a Motion to Vacate Entry, requesting the trial court vacate and amend that portion of the Decision and Entry filed June 5, 2001, granting appellant credit for time served in detention against his minimum commitment to the Department of Youth Services. The Decision and Entry filed July 5, 2001, granted appellant fifty-eight days credit for the time he spent in detention between March 26, 2001, and April 6, 2001, and between May 7, 2001, and June 21, 2001. The trial court, however, did not credit appellant for the seventy-four days spent in detention from April 27, 2000 through July 10, 2000, for the offense of gross sexual imposition. Appellant sought credit for those seventy-four days in his Motion to Vacate Entry. The trial court denied appellant's request, finding the detention from April 27, 2000, through July 10, 2000, was not "in connection with the delinquent child complaint upon which the order of commitment [was] based." R.C.2151.355(F)(6).
It is from this entry appellant appeals, raising as his sole assignment of error:
 THE TRIAL COURT ERRED WHEN IT FAILED TO CREDIT THE DAYS JOSEPH CAPLINGER SERVED IN THE MUSKINGUM COUNTY JUVENILE DETENTION CENTER TOWARD THE BALANCE OF HIS COMMITMENT.
 I
Herein, appellant maintains the trial court erred in failing to grant him credit for the seventy-four days he spent in detention between April 27, 2000, and July 10, 2000 for the offense of gross sexual imposition. We agree.
For the reasons set forth in the Court's decision in In re: Dillard
(Dec. 3, 2001), Stark 5th App. Nos. 2001CA00093 and 2001CA00121, unreported, we sustain appellant's sole assignment of error.
The judgment of the Muskingum County Court of Common Pleas, Juvenile Division, is reversed and the matter remanded for further proceedings consistent with the law and our opinion.
By: HOFFMAN, P.J., GWIN, J. and WISE, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas, Juvenile Division, is reversed and the matter remanded for further proceedings consistent with the law and our opinion. Costs assessed to appellee.